Joe McCrear v. The State.

No. 3386.   Decided January 24, 1906.

**Simple Assault and Battery—Refusal by State to Place Witness on Stand—Res Gestae Statement.**

Where upon trial for simple assault and battery, the res· gestæ statement of witness was that defendant cut her, there was no error in refusing to require the State to put said witness upon the stand.

Appeal from the County Court of Hill.   Tried below before Hon. N. J. Smith.

Appeal from a conviction of simple assault and battery; penalty, a fine of $5.

Defendant was the husband of prosecuting witness who was not placed on the witness stand.   The State's witness testimony showed that shortly after prosecutrix had been cut she was seen by witnesses, whom she told upon being asked who cut her, that defendant, who was present, did it; and that defendant asked one of the witnesses whether she wanted to take it up and seemed to be pretty angry at the time. Blood was coming from prosecutrix' face.   The witnesses did not see who cut prosecutrix.

The defendant testified that he cut·his wife accidentally with a pocket knife and was friendly to her at the time, but that he had not lived with her since; that he went into the house with his wife after cutting her, and washed her head and attended to her wound.

*Merrow* and *Smithdeal,* for appellant.—On question of forcing the State to place witness on stand: Thompson v. State, 30 Texas Crim. App., 325; Halloway v. State, 77 S. W. Rep., 14; Yancey v. State, 87 id., 693.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction is for simple assault and battery, the fine being $5.   Appellant insists that the evidence is not sufficient to sustain the verdict of the jury, but claims that the injuries inflicted upon his wife were accidental.   The res gestæ statement of the wife was that appellant cut her.   We do not think the court erred in refusing to require the State to put the wife upon the stand.   Defendant could have done this himself, if he had desired to do so.   There is no error in the record, and the judgment is affirmed.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]